ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA : **INDICTMENT**
                                      **UNDER SEAL**
          v.                  :
                                      12 Cr. 302
PETER GROMACKI,               :

          Defendant.          :

- - - - - - - - - - - - - - - - x

### COUNT ONE

(Conspiracy to Violate the International
Emergency Economic Powers Act ("IEEPA"))

The Grand Jury charges:

1.  From at least in or about 2006, up to and including in or about the present, PETER GROMACKI, the defendant, and others, known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate, and agree together and with each other to commit offenses against the United States, to wit, to violate Sections 1701 to 1706 of Title 50, United States Code and Title 15, Code of Federal Regulations, Sections 730-774.

2.  It was a part and an object of the conspiracy that PETER GROMACKI, the defendant, and others known and unknown, unlawfully, willfully, and knowingly, would and did export and re-export, and cause to be exported and re-exported, from the United States, controlled items, to wit, carbon fiber (including T700 carbon fiber), a controlled item under the applicable regulations, to customers located in the People's Republic of

China (the "PRC"), a listed country under the applicable regulations, without obtaining the required approval of the United States Department of Commerce ("DOC"), in violation of Sections 1701 to 1706 of Title 50, United States Code and Title 15, Code of Federal Regulations, Sections 730-774.

### Overt Acts

3. In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a. On or about May 14, 2007, a co-conspirator not named as a defendant herein ("CC-1") e-mailed PETER GROMACKI, the defendant, who resided in Orange County, New York, and stated, "[p]lease E-Mail me an Invoice for 6665.4LBS (convert into kilogram for pricing)."

b. On or about May 15, 2007, GROMACKI issued a commercial invoice from his company in Orange County, New York, that indicated that 3,029.73 kilograms of a commodity described as "Carbon Fiber Roving [a carbon fiber supplier] T700 12k," was sold to one of CC-1's companies.

c. On or about May 17, 2007, CC-1 arranged for a wire transfer in the amount of $100,883.86 from Luxembourg to a United States bank account belonging to GROMACKI.

d. On or about June 9, 2007, GROMACKI arranged

2

for the export of T700 carbon fiber from the United States to Belgium, at CC-1's request.

      e.    On or about July 9, 2007, CC-1 arranged for the transshipment of T700 carbon fiber referenced in paragraph 3(d) above, to be sent from Belgium to the PRC.

(Title 18, United States Code, Section 371.)

## COUNT TWO
### (IEEPA)

    4.    In or about June 2007, PETER GROMACKI, the defendant, in the Southern District of New York and elsewhere, unlawfully, willfully, and knowingly, did export and re-export, and cause to be exported and re-exported, from the United States, controlled items, to wit, T700 carbon fiber, a controlled item under the applicable regulations, to a customer located in the PRC, a listed country under the applicable regulations, without obtaining the required approval from the DOC.

(Title 18, United States Code, Section 2;
Title 50, United States Code, Section 1701 to 1706;
Title 15, Code of Federal Regulations, Sections 736.2, 764.2.)

## COUNT THREE
### (False Statements)

    5.    In or about June 2007, PETER GROMACKI, the defendant, in the Southern District of New York and elsewhere, willfully and knowingly, in a matter within the jurisdiction of the executive branch of the Government of the United States, to wit, the United States Department of Commerce, did falsify,

3

conceal and cover up by trick, scheme, and device, material facts, and did make materially false, fictitious, and fraudulent statements and representations, to wit, GROMACKI caused false statements to be made on a Shippers Export Declaration Form for a shipment of carbon fiber from the United States to the PRC, concerning: (1) the ultimate consignee of the shipment, (2) the ultimate country of destination of the shipment, and (3) whether an export license was required for the shipment.

(Title 18, United States Code, Sections 2 and 1001.)

### Forfeiture Allegations

6. As a result of committing one or more of the offenses charged in Counts One through Three of this Indictment, PETER GROMACKI, the defendant, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses charged in Counts One through Three, including but not limited to a sum of money representing the amount of proceeds obtained as a result of the offenses.

### Substitute Assets Provision

7. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (1) cannot be located upon the exercise of due diligence;

  (2) has been transferred or sold to, or deposited with, a third party;

  (3) has been placed beyond the jurisdiction of the court;

  (4) has been substantially diminished in value; or

  (5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. § 981(a)(1)(C), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

  (Title 18, United States Code, Section 981(a)(1)(C); Title 28, United States Code, Section 2461.)

_____     _____
FOREPERSON             PREET BHARARA
                    United States Attorney

Case 1:12-cr-00302-ER   Document 1   Filed 04/19/12   Page 6 of 6